IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SCOTIABANK DE PUERTO RICO,

    Plaintiff,

    v.

M/V GAVIOTA et. al,

    Defendants.

CIVIL NO. 08-2197 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Scotiabank de Puerto Rico (hereafter "Scotiabank") filed this action against defendants Carlos Aponte-Nieves and Julia Vega-Santiago (hereafter "defendants") to foreclose a First Preferred Security Mortgage Securing a promissory note over a vessel named M/V GAVIOTA. The action included also a maritime attachment and garnishment of defendants' property, as well as execution of personal guaranties. (Docket No. 13).

The parties consented to proceed before a United States Magistrate Judge for all further proceedings including the entry of judgment. (Docket No. 46 and 47). Then, the parties informed the Court they had reached an agreement to settle this case. (Docket No. 49). Judgment dismissing the case was entered. (Docket No. 53). Since the settlement never materialized in writing, Scotiabank requested judgment to be set aside, which was granted. As such, the civil action was reinstated and the collection proceedings continued. (Docket Nos. 54 and 55).

On August 24, 2010, plaintiff Scotiabank filed a Motion for Summary Judgment and a Statement of Uncontested Facts claiming defendants failed to comply with the obligations under the terms of the loan. Plaintiff Scotiabank requests summary judgment for the full

amount claimed in the complaint which is owed by defendants upon their failure to comply with their obligations under the terms of the loan granted and the guaranties offered thereunder, both maritime and personal, in regards to the vessel M/V GAVIOTA. Scotiabank submits defendants, upon having failed to comply with their obligations, owe the amount of $329,462.57, as of July 2, 2010, plus interests, charges and attorney's fees that continue to accrue until the debt is paid in full. (Docket No. 60).

On September 1, 2010, defendants submitted an Opposition to the Motion for Summary Judgment with a statement of uncontested facts. Defendants in their opposition agree the took a loan for the purchase of the vessel which terms, according to defendants, were to be amortized over a twenty (20) year period. Defendants admit having made monthly payments thereunder for over two (2) years, that the loan was to commence on October 6, 1999, with a balloon payment due five (5) years thereafter. In 2007, defendants stated they disagreed with certain of plaintiff's request and stopped payment. On October 31, 2008, plaintiff Scotiabank sued for collection. (Docket Nos. 61 and 62).

Defendants in their opposition seek now to pay the debt under a modified loan that plaintiff Scotiabank has evidently not offered them for a period of time unavailable since the record shows settlement was not reached. As such, the uncontested issues regarding the original debt and the authenticity of the documents submitted by plaintiff have not been contested. Defendants have solely averred their grounds and actions as to the previous legal proceedings and as to the parties' behavior under the non-existent settlement.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

In summary judgment a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits. 10 A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc. Civ.* §2722 at 382 (3d ed. 1998). An affidavit is to be made on personal knowledge, setting forth facts that would be admissible in evidence and show the affiant is competent to testify to the matters stated therein.

## LEGAL DISCUSSION

### A. Defendants' Opposition to Plaintiff's Motion for Summary Judgment.

Rule 56 provides that an opposing party is obliged to respond by not merely relying on allegations or denials. Thus, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . Fed.R.Civ.P. 56(c)(1)(A). As such, defendants were to make in their opposition a showing the materials cited by plaintiff do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1)(B).

Defendants' uncontested facts are solely a summary of their counsel's legal contentions making no reference to any supporting document, including no sworn statement as to these alleged facts, and without a particularized reference to plaintiff's statement of uncontroverted facts. Thus, defendants' opposition and what they seemly consider a statement of uncontested facts, fails to comply with the minimum requirement to be considered a proper opposition to plaintiff's statement in support of its request for summary judgment. Even defendants' memorandum failed to submit any legal citations

to support their position that there are material facts in controversy, merely incorporating by reference all legal citations plaintiff Scotiabank offered in its Motion for Summary Judgment. (Docket No. 61).

Thus, plaintiff Scotiabank's statement of uncontested facts is considered uncontroverted upon defendants' failure to comply with the anti-ferret rule and with the minimum requisites for a Fed.R.Civ.P. 56(e)(2) proper and sufficient opposition. *See* Puerto Rico American Ins. Co., v. Rivera-Vázquez, 603 F.3d 125 (1st Cir. 2010) (a party opposing summary judgment must submit a counter-statement which shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation).[1] Fed.R.Civ.P. 56(c).

Defendants have also failed to comply with Local Rule 56. Local Rule 56, besides being consonant with the wording of Fed.R.Civ.P. 56, clearly provides that a statement of fact is deemed admitted unless properly controverted, with specific record of citation being required. The local rule also provides the court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts. *See* Local Rule 56 (c) and (e). When a party fails to comply with the rules, the Court is permitted to treat the party's statement of facts as uncontested. Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir.

---

[1] The Court of Appeals for the First Circuit had indicated on numerous occasions that parties ignore the strictures of an "anti-ferret" rule at their peril. Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000).

2005. It is, thus, considered that such failure by defendants herein is material. United States v. Díaz-Villafañe, 874 F.2d 43, 46 (1st Cir. 1989).

However, even if considered uncontested, summary judgment that is unopposed does not necessarily gives raise to a grant of summary judgment for even uncontested facts are viewed in the light most favorable to the non-moving party. Sánchez-Figueroa v. Banco Popular de Puerto Rico, 572 F.3d 209 (1st Cir. 2008). Furthermore, summary judgment is to be granted solely if the moving party is entitled to judgment as a matter of law. Vélez v. Awning Windows, Inc., 375 F.3d 35 (1st Cir. 2004) (citing Méndez v. Banco Popular de Puerto Rico, 900 F.2d 4 (1st Cir. 1990)).

Under the above legal contentions, this Magistrate Judge finds as follows:

**B. Uncontested Facts.**

Plaintiff Scotiabank's uncontested statement of material facts has shown that:

1. Defendants entered on a "Deferred Retail Sale Agreement" with plaintiff Scotiabank on October 6, 1999, for the purchase of a Viking Yatch 48', 1986 named M/V GAVIOTA. *Plaintiff's Uncontested ¶1, Docket No. 60-1; Exhibit II.*

2. Defendants executed on same date a First Preferred Ship Mortgage Securing a Promissory Note. *Plaintiff's Uncontested ¶2; Exhibit II.*

3. The above mortgage secures all obligations as evidenced by a Promissory Note in the amount of Two Hundred Eighty Five Thousand Dollars, ($285,000.00), plus accrued finance charges with interest at the rate of 10.00% per annum, payable in 59 monthly

Scotiabank De Puerto Rico v. M/V Gaviota, el al
Civil No. 08-2197 (CVR)
Opinion and Order
Page 7

installments of $2,750.31, commencing on the November 6, 1999, and thereafter, with one last installment (balloon payment) of $258,687.40, which includes the repayment of the principal and interest. *Plaintiff's Uncontested ¶2, Exhibit III.*[2]

4. The Ship Mortgage established in the event that any installment payment due was not paid and was in arrears for more than fifteen (15) days, the mortgagor shall pay mortgagee a late charge equivalent to five percent (5%) of each installment in arrears. *Plaintiff's Uncontested ¶3.*

5. The Mortgage was also executed to secure all future advances made by Scotiabank of said note to Mortgagors/Defendants and the mortgage was to remain in full force and effect to secure all future advances and all renewals or extensions of the note. *Plaintiff's Uncontested ¶4.*

6. The Mortgage also provides that, in the event of default, payment of all sums due and owing under the Mortgage would be accelerated and Scotiabank as the mortgagee had the right to: (a) peacefully repossess the vessel without court order; (b) foreclose in the federal court under the maritime laws of the United States; and/or (c) take such other legal action as permitted under any applicable laws. *Plaintiff's Uncontested ¶5.*

7. The Mortgage provides that failure to pay when due any installment of principal and/or interest in accordance with the promissory note guaranteed by the Mortgage constitutes an event of default under the Mortgage. *Id. ¶6.*

8. On October 6, 1999, defendants also executed a Mortgage Note in the amount of One Hundred and Fifteen Thousand Dollars ($115,000.00), plus accrued interest at the rate

---

[2] Amended Complaint; Exhibit II, First Preferred Ship Mortgage; Exhibit III, Promissory Note for principal $285,000.00, with maturity date upon monthly installments up to October 6, 2004.

of ten percent (10%) per annum, on a "Mortgage Securing a Promissory Note" with Scotiabank. *Plaintiff's Uncontested ¶7; Exhibits IV and V.*

9. Said Mortgage and its Note were held on a real estate property so as to secure all the obligations of defendants related to the purchase of the vessel M/V GAVIOTA, as well as a Pledge and Personal Property Lien Agreement that defendants also executed. *Id. ¶7; Exhibit VI.*

10. The real estate property that served as collateral for the above described Mortgage Note, Promissory Note and Personal Property Lien Agreement appears described as follows:

> **RURAL:** Lot Number Fifty-Eight (58) of Harbour View, as shown on the inscription Plan approved by Report Seventy-Four dash Urb Zero Zero Three ORPC (74-Urb 003 ORPC), Case number Seventy-Three dash Zero Fifteen (73-015) Urb., dated January four (4), nineteen hundred seventy-four (1974) located at Candelero Abajo Ward of the Municipality of Humacao; with a surface area of one thousand five hundred fifty point zero eight (1,550.08) square meters. Bounding on the North in thirty point thirty-seven (30.37) meters with Bluf Street; South in twenty six (26.00) meters with the main tract from which it is segregated; on the East in fifty-five point seventeen (55.17) meters with Lot Number fifty-seven (57); and on the West in fifty-five (55.00) meters with Lot Number fifty-nine (59).It is recorded on folio two hundred seventy-five (275) of volume two hundred fifty-eight (258), property number nine thousand seven hundred twenty-nine (9,729) of the Humacao Property Registry.
>
> *Plaintiff's Uncontested ¶7; Exhibits V and VI.*

11. Defendants defaulted on the Mortgage at the beginning of January 2007 by making payments in arrears. *Plaintiff's Uncontested ¶8.*

Scotiabank De Puerto Rico v. M/V Gaviota, el al
Civil No. 08-2197 (CVR)
Opinion and Order
Page 9

12. Defendants have remained in default up to the present without making any payments in accordance with the terms of the Mortgage. *Id.*[3]

13. By October 31, 2008, at the filing of the complaint herein, defendants owe plaintiff Scotiabank the principal amount of Two Hundred Thirty Six Thousand Five Hundred Fifty Two Dollars with Ninety Seven Cents ($236, 552.97), interest in the amount of Twenty One Thousand Three Hundred and Eight Four Dollars with Two Cents ($21,384.02), at the rate of 10% per annum, with continue to accumulate; and late charges in the amount of Four Thousand Three Hundred Sixty Five Dollars with Forty Seven Cents ($4,365.47), plus costs and attorney's fees incurred in the instant lawsuit. *Id. ¶9; Amended Complaint ¶6.*

14. As updated to July 2, 2010, defendants owe plaintiff Scotiabank the amount of Three Hundred Twenty Nine Thousand Four Hundred Sixty Two Dollars with Fifty Six Cents ($329,462.56), plus interest, charges and attorney's fees accumulated thereafter. *Plaintiff's Uncontested ¶11; Exhibit VII, account statement on loan #8095; Exhibit VII, sworn statement of Ms. Ileana González.*

From the above uncontested facts, with the pleadings, and the public documents that evidence the principal obligation, together with the sworn statement attesting to the update amounts as to interest, late charges and incidentals, it has been established that defendants owe plaintiff Scotiabank in accordance with the request for summary disposition.

---

[3] Defendants indicated in their opposition memorandum they have stopped paying the loan due to a discrepancy with Scotiabank, thus acknowledging default as to payments at issue.

## CONCLUSION

In view of the foregoing, plaintiff Scotiabank's Motion for Summary Judgment (Docket No. 60) is **GRANTED** and judgment shall be entered in the amount requested for Three Hundred Twenty Nine Thousand Four Hundred Sixty Two Dollars with Fifty Six Cents ($329,462.56), plus interest, charges and attorney's fees accumulated thereafter.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of September of 2010.

                                                s/**CAMILLE L. VELEZ-RIVE**
                                                **CAMILLE L. VELEZ-RIVE**
                                                **UNITED STATES MAGISTRATE JUDGE**