IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SCOTIABANK DE PUERTO RICO,

    Plaintiff,

        v.

M/V GAVIOTA et al.,

    Defendants.

CIVIL NO. 08-2197 (GAG)

**OPINION AND ORDER**

**INTRODUCTION**

On October 20, 2008, the Verified Complaint was filed and a warrant of arrest of M/V GAVIOTA and appointment of substitute custodian were requested and issued. (Docket Nos. 9, 10 and 11). Summons were returned on the record executed as to defendants Carlos Aponte-Nieves, the conjugal partnership and the M/V GAVIOTA (hereafter "defendants"). (Docket No. 15). Defendant Ms. Julia Vega-Santiago eluded service but the Court thereafter ruled that service of process in admiralty jurisdiction did not require the unserved spouse as an indispensable party. (Docket No. 17). Thereafter, service by publication as to Ms. Vega-Santiago appears on record. (Docket Nos. 18, 19, 20, and 28).

Defendants originally filed a motion to dismiss for lack of jurisdiction including improper service and lack of personal jurisdiction. (Docket No. 32). The Court denied the dismissal by endorsed order. (Docket No. 34). Defendants then filed their answer to the Amended Complaint, raising affirmative defenses therein that were later object of some extrajudicial attempts to settle the claims for which judgment dismissing the case was initially issued. (Docket Nos. 52 and 53). Thereafter, since settlement was not concluded and

defendants failed to sign the document agreement, plaintiff Scotiabank de Puerto Rico (hereafter "Scotiabank") requested judgment of dismissal to be set aside. The action against defendants was reinstated and proceedings in the instant case continue accordingly.

A summary judgment motion was then filed by plaintiff Scotiabank, which was opposed by defendants. (Docket Nos. 60, 61). Thereafter, through an Opinion and Order entered on September 14, 2010, summary judgment was granted for plaintiff and judgment was entered against defendants on September 15, 2010. (Docket Nos. 63, 64). Plaintiff Scotiabank obtained judgment against defendants through its motion for summary judgment for the full amount claimed upon defendants' failure to comply with their obligations under the terms of the loan granted and the guaranties offered thereunder, both maritime and personal, in regards to the vessel named M/V GAVIOTA. Judgment was obtained to collect debt owed by defendants in a First Preferred Security Mortgage Secured by a Promissory Note over the vessel named M/V GAVIOTA and by personal guarantees of individual defendants in a real estate property. The action included also a maritime attachment and garnishment of defendants' property, as well as execution of additional personal guaranties offered by individual co-defendants in regards to the vessel loan. (Docket Nos. 13, Amended Complaint; Docket No. 64, Judgment).

On February 10, 2011, plaintiff filed a Motion for Execution of Judgment. (Docket No. 65). While the request for execution of judgment was pending receipt of itemized attorney's fees, defendants filed a condensed three (3) page motion requesting the court to set aside the judgment and make a finding the judgment was void through a Motion to Alter Judgment for Lack of Jurisdiction. Fed.R.Civ.P.60(b)(4). Defendants submit no relevant arguments nor any legal discussion to be relieved from judgment, except a general proffer there had been no

attachment of the vessel at issue in this maritime action, the M/V GAVIOTA, and that this court also lacks personal jurisdiction since individual co-defendants were within the district for which maritime jurisdiction evoked is not applicable. (Docket No. 67).[1]

Plaintiff Scotiabank timely opposed defendants' requests for dismissal and/or relief from judgment. Plaintiff submits this action is for execution of a first preferred mortgage secured by maritime vessel GAVIOTA and to recover the deficiency from the vessel's owners who had in addition provided additional guarantees to this loan with some promissory notes on real estate property. It was thus filed under Admiralty Law and also against the vessel owners for the deficiency *in personam*. (Docket No. 68).

## LEGAL DISCUSSION

Federal Rule of Civil Procedure 12 provides defenses to be raised as grounds for dismissal, including (b)(1) lack of subject matter jurisdiction, in the instant case referring to the maritime claim, and (b)(2) lack of personal jurisdiction, referring to individual co-defendants to this action who alleged they were improperly served. Defendants raise both defenses in their brief request to dismiss and/or to be relief from judgment under Federal Rule 60(b)(4) claiming the judgment is void.[2]

---

[1] Similar grounds to the ones now raised were raised by defendants previously in their Motion to Dismiss at Docket No. 32 which was denied by the Court.

[2] Federal Rule of Civil Procedure 60(b)(4) provides:

> ....
> **(b) Grounds for Relief from a Final Judgment, order, or Proceeding**. On motion and just terms, the court may relief a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> ....
> (4) the judgment is void;

Scotiabank de Puerto Rico v. MV Gaviota et al
Civil No. 08-2197 (CVR)
Opinion and Order
Page No. 4

**A. Lack of Maritime Jurisdiction**.

In moving to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the party asserting jurisdiction bears the burden of showing its existence. However, defendants' grounds for lack of subject matter jurisdiction stem only from a general averment that the M/V GAVIOTA was not initially arrested nor in custody of the plaintiff for which there is no admiralty/maritime jurisdiction.

The record in this case shows that, regardless of defendants' contention, plaintiff Scotiabank filed, and the Court granted, a motion to arrest the vessel as well as a separate motion to appoint substitute custodian. (Docket Nos. 2, 4, 6, 8, 10, and 11). All that is required for admiralty jurisdiction in this case is plaintiff's claim that it be a maritime claim. To invoke Rule C of the Supplemental Admiralty and Maritime Claims to arrest a vessel, plaintiff must have a valid maritime lien against the defendant's vessel for a maritime lien and such is the foundation of a proceeding *in rem*. Bunn v. Global Marine, Inc., 428 F.2d 40, 48 n. 10 (5th Cir. 1970). *In rem* jurisdiction in the admiralty exists only to enforce a maritime lien. Rainbow Line, Inc. v. M/V Tequila, 480 F.2d 1024, 1028 (2d Cir. 1973).

In the instant case, a complaint was filed against the vessel *in rem* and against individual defendants under 46 U.S.C. §131325 by plaintiff Scotiabank as holder of a preferred maritime lien on the M/V GAVIOTA. (Docket No. 13, Amended Complaint). The preferred ship's mortgage is a statutory created lien that can be publicly registered and enforced in an admiralty court.[3]

---

[3] The provisions of the Ship Mortgage Act of 1920, 46 U.S.C. §§30101-31343 grants the holders of preferred ship mortgage priority over all claims against the vessel, except for expenses and fees allowed by the court, costs imposed by the court, and preferred maritime liens, which six categories are not relevant to this action. 46 U.S.C. §31326(b)(1)and §313301 (5)(A-F).

Scotiabank de Puerto Rico v. MV Gaviota et al
Civil No. 08-2197 (CVR)
Opinion and Order
Page No. 5

Defendants have not contested we are herein dealing with a maritime vessel, M/V GAVIOTA, that was subject of a preferred mortgage held by plaintiff Scotiabank. To secure said loan on the vessel, individual defendants also submitted additional personal guarantees through obligations secured by a real estate property.

As a general proposition of non-maritime matters, as those against individual co-defendants herein and against their personal and real estate security, may be combined in admiralty complaint, on basis of pendent jurisdiction, and do not deprive court of jurisdiction over maritime claim, as long as clearly separable. *See* Natasha, Inc. V. Evita Marine Charters, Inc., 763 F.2d 468 (1st Cir. 1985).

Thus, the action filed provides this court with admiralty jurisdiction, as discussed below and defendants' perfunctory discussion of lack of subject matter jurisdiction, without addressing any particularity or properly contesting the record, is insufficient to past muster and that would entitle relief from judgment sought herein.[4] We shall further discuss.

**B. Lack of *In Personam* Jurisdiction.**

If a defendant challenges the court's jurisdiction through a motion to dismiss for lack of *in personam* jurisdiction under Fed.R.Civ.Proc. 12(b)(2), one must give credit to plaintiff's well-pleaded factual allegations, drawing all reasonable inferences from them in plaintiff's favor. If defendants controvert the accuracy of jurisdictional facts asserted by plaintiff, and offer materials of evidentiary quality in support of that position when moving to dismiss for

---

[4] Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. Redondo-Borges v. Dept. of Housing and Urban Development, 421 F.3d 1, 6 (1st Cir. 2005) (*citing* United States v. Zannino, 895 F.2d 1, 7 (1st Cir. 1990)).

lack of jurisdiction, then plaintiff's jurisdictional averments are entitled to no presumptive weight. *See* Valentin v. Hospital Bella Vista, 254 F.3d 348 (1st Cir. 2001).

Defendants in the instant case have produced no evidentiary material whatsoever, not even legal discussion, as to the lack of *in personam jurisdiction*. Furthermore, the record of the court shows otherwise to defendants' averment as to improper service and, thus, lack of *in personam* jurisdiction. There is no need to keep an in-depth discussion on this issue, but we will briefly address the legal contentions below insofar as these are related to an alleged lack of stamp or seal of the summons issued by the Court as to individual co-defendants.

Defendants submit improper service as to individual co-defendants in the case resulted in lack of *in personam* jurisdiction. Still, service of process on defendants is clearly indicated from the record, both as to individual co-defendants and the vessel M/V GAVIOTA, to wit: Mr. Carlos Aponte-Nieves and the conjugal partnership constituted with co-defendant Julia Vega-Santiago. Ms. Vega-Santiago was thereafter summoned by publication. Thus, personal jurisdiction as to co-defendants Carlos Aponte-Nieves, Ms. Julia Vega-Santiago and their conjugal partnership is not at issue.

Defendants' discussion of lack of jurisdiction as to the vessel, for there being no maritime claim, also lacks merit inasmuch as the record contains the necessary warrant of arrest and the order designating a substitute custodian, which defendants have not contested. The record also shows defendants' subsequent submission of pleadings in this action, their filing of a request for dismissal and their opposition to plaintiff's motion for summary judgment for which notice and opportunity to contest plaintiff's claims are evident from the record and no due process violation has ensued.

Defendants have for the most part succinctly argued once more the summons issued and served upon them lack validity for absence of the seal or stamp of the court, and thus service should be considered defective. This argument was formerly raised before the Court in a request for dismissal filed by defendants, which was denied after plaintiff filed its opposition. (Docket Nos 32, 33 and 34 ). Thereafter, defendants answered the amended complaint, stating they were not submitting to the jurisdiction. (Docket No. 35).

The record further shows the parties granted a consent to proceed before a United States Magistrate Judge while engaging in settlement negotiations, which appears signed by counsel for defendants upon consultation with his clients and their participation in several procedural meetings conductive towards settlement. (Docket Nos. 39 and 52). These negotiations were subsequently disregarded, the requested dismissal and judgement thereunder was set aside and the case was reinstated. (Docket Nos. 54 and 55). Defendants have availed themselves of court proceedings also once judgment was set aside and the case reinstated, by filing an opposition to a motion for summary judgment filed by plaintiff Scotiabank. (Docket Nos. 60 and 61). It is from the judgment entered as to summary judgment defendants are now seeking relief under Federal Rule of Civil Procedure 60(b)(4) arguing lack of proper service of summons as to individual co-defendants and lack of subject matter jurisdiction as to the maritime claim, for which defendants considered the judgment entered against them to be void under Fed.R.Civ.P. 60(b)(4).

The summons issued in this case show the stamp of the designated Deputy Clerk assigned by the Clerk's Office, as well as the rubber stamp used by the Clerk's Office to issue the corresponding summons. These summons were made part of the record and entered in

the docket sheet of the case by the judicial employees assigned to keep the corresponding electronic record and updates of the case. (Docket Nos. 12 and 14). The respective deputy clerks' signatures of the Intake Section of the Clerk's Office appear on the summons issued. In addition, the contemporaneous entering of the summons on the record should not be deemed to invalidate an otherwise valid issued summons and proper service thereafter, for there is no doubt from the record these summons were properly requested, issued and duly served. It is also clear from the record there is a signed return of service which constitutes *prima facie* evidence of valid service and which must be overcome by strong and convincing evidence to support defendants' attempts to now contest service.[5] Still, defendants have submitted through their scant motion no such strong nor convincing evidence. *See* Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008); Relational, LLC v. Hodges, 627 F.3d 668 (7th Cir. 2010); Homer v. Jones-Bey, 415 F.3d 748 (7th Cir. 2005). *See* Alan Wright, Arthur R. Miller, Commencement of Action; Service of Process and Other Papers, 4B Fed.Prac. & Proc. Div. §1130.

A denial of a motion under Rule 60(b)(4) as the one herein lies within the discretion of the district court and is reviewed only for abuse of discretion. Although a claim for lack of personal jurisdiction is not discretionary, the only argument raised, not any factual dispute deserving further consideration by herein defendants, was to the effect the summons served upon them lacked the seal and/or stamp of the Clerk's Office,[6] which is not totally correct.

---

[5] Docket No. 15 shows service of process as to the vessel GAVIOTA was returned and had been hand-delivered to co-defendant Carlos Aponte-Vega, its owner, on November 28, 2008.

[6] A judgment is not void simply because it may be technically defective or incorrect as to some respect.

Sea-Land Service, Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998).[7] Rule 60(b)(4) as to void judgment is confined to a narrow class of cases, those when the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to plain usurpation of power constituting a violation of due process. *See* United States v. One Rural Lot No. 10,356, 238 F.3d 76, 78 (1st Cir. 2001); (*citing* United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)). Although paraphrased as a void judgment to obtain relief from judgment under Fed.R.Civ.P. 60(b)(4), defendants have not sufficiently supported their contentions as to lack of personal jurisdiction nor as to subject matter jurisdiction.[8]

An *in rem* proceeding in admiralty is begun by an arrest of the property which is the subject of the action, and either the service of process or the seizure of property is necessary. Notice herein was properly given to the ship owner who was also personally served with process. Jurisdiction was thus attained. *See* Eunice A. Eichelberger, J.D., *Methods other than arrest of vessel for obtaining in rem jurisdiction in admiralty*, 95 ALR Fed. 225 (1989).[9]

The record is clear that, upon having been served with notice and summons as to the M/V GAVIOTA, through its owner Aponte-Vega, regardless whether the vessel was not thereafter arrested by the US Marshal and/or deposited with appointed custodian,

---

[7] District courts enjoy considerable discretion in resolving motions brought under Rule 60(b). Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 65-66 (1st Cir. 2003).

[8] When judgment is entered against an entity never properly served as a party to the case, the judgment is "void" within the meaning of Rule 60(b)(4). *See* M & K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 364-65 (1st Cir.2004).

[9] See Section 8(a) jurisdiction upheld even though the vessel had not been arrested and cases therein discussed.

defendants' subsequent action in engaging in settlement negotiations, seeking initially a judgment of dismissal, providing consent before a United States Magistrate Judge to entertain the case at hand upon entry of judgment, and upon reinstating the action filing their opposition to plaintiff's request for summary disposition, are acts indicating a waiver of the defenses as to the *in rem* proceedings.

As such, defendants' second attempt and unsupported factual and legal averments to have the summons and the service of process set aside to substantiate this maritime claim, lack of *in personam jurisdiction* as to the individual co-defendants, and for subject matter jurisdiction as to the M/V GAVIOTA on the maritime claim are not legally sound and are herein DENIED.

## CONCLUSION

In view of the foregoing, defendants' Motion to Alter Judgment for Lack of Jurisdiction (Docket No. 67) is DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 24th day of March of 2011.

           **s/CAMILLE L. VELEZ-RIVE**
           **CAMILLE L. VELEZ-RIVE**
           **UNITED STATES MAGISTRATE JUDGE**